**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4126-16T3

TAMMY PRITCHARD,

     Appellant,

v.

BOARD OF REVIEW,
TOWER LODGE CARE CENTER LLC,
GATEWAY CARE CENTER LLC, and
MERIDIAN NURSING AND
REHABILITATION CENTER INC.,

     Respondents.

_____

Submitted October 2, 2018 – Decided October 11, 2018

Before Judges Gilson and Natali.

On appeal from the Board of Review, Department of Labor, Docket No. 103,205.

Tammy J. Pritchard, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Jessica M. Saxon, Deputy Attorney General, on the brief).

Respondents Tower Lodge Care Center, LLC, Gateway Care Center, LLC, and Meridian Nursing and Rehabilitation Center, Inc., have not filed briefs.

PER CURIAM

Tammy Pritchard appeals from the final decision of the Board of Review (Board) finding her ineligible for unemployment benefits pursuant to N.J.S.A. 43:21-5(a). The Board adopted the February 27, 2017 decision of the Appeal Tribunal that found Pritchard was disqualified from benefits because she voluntarily left her job without good cause and did not start a new job within seven days of leaving her prior employment. We affirm.

Pritchard testified before the Appeal Tribunal that she voluntarily left her employment at Tower Lodge Care Center LLC (Tower) on August 26, 2016 to work for Gateway Care Center LLC (Gateway) because Gateway offered "her more money at another position." Pritchard commenced employment with Gateway on September 6, 2016, was discharged shortly thereafter on September 23, 2016, and began working at Meridian Nursing and Rehabilitation Center Inc. (Meridian) on November 16, 2016.

On appeal, Pritchard contends that the Board's decision should be reversed because (1) it misapplied N.J.S.A. 43:21-5(a) by calculating her start date at Gateway in calendar days as opposed to working days; and (2) she was

improperly fired from Gateway as a "whistleblower" and should have been afforded the protections of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.

Appellate review of an administrative agency decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). A strong presumption of reasonableness attaches to the Board's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001). Pritchard has the burden to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

Appellate courts generally defer to final agency actions, only "reversing those actions if they are 'arbitrary, capricious or unreasonable or [if the action] is not supported by substantial credible evidence in the record as a whole.'" N.J. Soc'y for the Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 384-85 (2008) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (alteration in original)). Under the arbitrary, capricious, and unreasonable standard, our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with the relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion. In re Stallworth, 208 N.J. 182, 194 (2011).

N.J.S.A. 43:21-5(a) disqualifies claimants from receiving benefits if they "left work voluntarily without good cause attributable to such work." A worker who leaves for "personal reasons, however compelling, . . . is disqualified under the statute." Utley v. Bd. of Review, 194 N.J. 534, 544 (2008); see Blake v. Bd. of Review, 452 N.J. Super. 7, 10 (App. Div.), certif. granted 233 N.J. 296 (2017). The disqualification starts from "the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment." N.J.S.A. 43:21-5(a). However, the statute provides an exception to a claimant who "voluntarily leaves work with one employer to accept from another employer employment which commences not more than seven days after the individual leaves employment with the first employer . . . ." Ibid. (emphasis supplied).

After thoroughly reviewing the record in light of the applicable legal principles and the standard of review, we are satisfied that the Board's decision was not arbitrary, capricious or unreasonable and was supported by substantial credible evidence in the record. According deference to the Board's decision, it is undisputed that Pritchard started work at Gateway on September 6, 2016, eleven days after she voluntarily left work at Tower. Pursuant to the clear terms

4

of N.J.S.A. 43:21-5(a), she was disqualified from receiving unemployment benefits.

We reject Pritchard's argument that the seven-day period should be computed using business, not calendar, days because it is premised upon an interpretation of N.J.S.A. 43:21-5(a) that is contrary to the statute's plain language and "generally accepted meaning." N.J.S.A. 1:1-1. According to N.J.S.A. 1:1-2, increments of time generally are measured by reference to a calendar: "[t]he word 'month' means a calendar month, and the word 'year' means a calendar year." "Day" generally refers to a calendar day which is "[a] consecutive 24-hour day running from midnight to midnight." Black's Law Dictionary (10th ed. 2014). A "business day" refers to "[a] day that most institutions are open for business, usu[ally] . . . excluding Saturdays, Sundays, and certain major holidays." Black's Law Dictionary (10th ed. 2014).

Pritchard's remaining claim that her alleged status as a protected whistleblower affects her right to unemployment benefits lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). Not only does she fail to cite any legal authority in support of the argument, but the reason for her discharge from Gateway on September 23, 2016, is irrelevant to her start date.

A-4126-16T3

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4126-16T3